965 F.2d 1064
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Angilen J. WOODARD, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3019.
 United States Court of Appeals, Federal Circuit.
 April 14, 1992.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Angilen J. Woodard (Woodard) appeals from the May 16, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. AT07529110251, which became the final decision of the Merit Systems Protection Board (Board) when it denied review on September 17, 1991, dismissing Woodard's appeal for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Woodard was removed by the Postal Service for violating a "last chance" settlement agreement. Because the AJ determined that Woodard had raised a "non-frivolous factual issue of compliance" with the last chance agreement, a hearing was conducted to determine whether Woodard had, in fact, breached the agreement. See Stewart v. United States Postal Serv., 926 F.2d 1146 (Fed.Cir.1991). In her subsequent Initial Decision, the AJ found that Woodard had breached the last chance agreement, and that Woodard's waiver of appeal rights as set forth in the agreement was enforceable, thus depriving the board of jurisdiction.
 
 
 3
 With respect to Woodard's unauthorized absence from work (one of three bases for the Postal Service's contention that Woodard breached the last chance agreement), the AJ found that the medical documentation Woodard provided did not conform with the requirements specified to Woodard by her supervisor, and was thus unacceptable. In her brief to this court, Woodard alleges that the agency failed to comply with paragraph 2(a) of the last chance agreement which provides in part, "All questionable [medical leave] documentation will be sent to Human Resources (Labor Relations) for a final ruling on acceptability " (emphasis in original).
 
 
 4
 It is unclear from the record whether the Postal Service's Human Resources office did in fact issue such a final ruling. However, even if the Postal Service erred in failing to seek a final ruling on Woodard's medical documentation, Woodard has not shown such error to be harmful. Aside from Woodard's absence from work, the AJ found that Woodard also violated the last chance agreement by failing to "maintain good general work habits," and by failing to "follow the instructions of [her] supervisor," as set forth in paragraph 2(c) thereof. These findings were based in large part upon the testimony of the Postal Service's witnesses, Woodard's immediate supervisor, Mr. Penny, and the General Foreman, Mr. Mack. Both men testified as to a number of problems with Woodard's work habits, including Woodard's practice of turning away from other approaching employees, thereby creating a potential safety hazard, and of carrying around the workplace extraneous clothing and personal items, thereby interfering with her efficiency. The AJ found Penny and Mack to be "more persuasive" than Woodard, whose testimony the AJ characterized as "internally inconsistent." The AJ further found Mack "particularly credible," a "genuine ally" of Woodard's who "was trying to help her and see to it she kept her job." Such credibility determinations are "virtually unreviewable" by this court. Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Based on this record, the AJ's ultimate finding that Woodard breached the last chance agreement is supported by substantial evidence. See 5 USC 7703(c).
 
 
 5
 Lastly, we are not persuaded that the last chance agreement in any way violates Woodard's constitutional rights. The AJ found that Woodard's waiver of appeal rights was informed and intentional, made free of coercion or duress, and Woodard has submitted no basis for overturning that finding. The last chance agreement is enforceable.